FREDERICK ALLEN OSBURN, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 36650

April 25, 2002                                         44 P.3d 523

---

[3]*Baker v. Noback,* 112 Nev. 1106, 922 P.2d 1201 (1996).

[4]*Boren v. City of North Las Vegas,* 98 Nev. 5, 638 P.2d 404 (1982).

[5]*Id.* at 6, 638 P.2d at 405.

[6]*Id.* at 5-6, 638 P.2d at 404.

ROSE, J., with whom YOUNG, J., agreed, dissented.

*Wolfson & Glass* and *Jay L. Siegel,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, and *James Tufteland* and *Christopher J. Laurent,* Chief Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, AGOSTI, J.:

As part of a serial rape investigation, the police attached an electronic monitoring device to the bumper of Frederick Osburn's vehicle in order to track his movements as he traveled the public streets of Las Vegas. The police did not obtain a warrant prior to attaching the device to the bumper of Osburn's vehicle, which was parked on the street outside his residence.

Eventually, through visual surveillance, and with the aid of the electronic monitoring device, Osburn was observed committing voyeuristic activities. The police then obtained a search warrant and searched Osburn's residence and vehicle. As a result of the search, the police found burglary tools and child pornography. Subsequently, Osburn was arrested and charged with three counts of open or gross lewdness, two counts of possession of burglary tools, two counts of use of a minor in producing pornography and

fifty-seven counts of possession of visual presentations depicting sexual conduct of a person under sixteen years of age.

After his indictment, Osburn filed a motion to suppress the evidence obtained from the execution of the search warrant. In his motion, Osburn argued that the attachment of the electronic monitoring device to his vehicle violated his Fourth Amendment right to be free from warrantless searches. Because the police failed to obtain a court order before attaching the device to his vehicle, Osburn requested that the district court suppress all evidence found by the police as a result of the search warrant. The district court denied Osburn's motion. Osburn then pleaded guilty to six of the counts, reserving his right to appellate review of the order denying his motion to suppress. This appeal ensued.

On appeal, Osburn argues that the attachment of an electronic monitoring device to the exterior of his vehicle constituted an unreasonable search and seizure within the meaning of the Nevada Constitution. Since the information obtained from the use of the electronic monitoring device was included in the application and affidavit for the search warrant, Osburn asserts that the evidence discovered as a result of the execution of the search warrant on September 20, 1997, should be suppressed as fruit of the poisonous tree.[1]

While Osburn acknowledges that federal law may permit the warrantless attachment of an electronic monitoring device to the exterior of a person's vehicle,[2] Osburn asks this court to consider whether the attachment of an electronic monitoring device to the exterior of a vehicle constitutes an unreasonable search and seizure within the meaning of the Nevada Constitution. This is an issue of first impression. Article 1, Section 18 of the Nevada Constitution addresses unreasonable searches and seizures, and states as follows:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized.

Although the Nevada Constitution and the United States Constitution contain similar search and seizure clauses, the United

---

[1]See Costello v. United States, 365 U.S. 265, 280 (1961) (noting that evidence obtained from or as a consequence of lawless official acts is excluded as fruit of the poisonous tree).

[2]See U.S. v. McIver, 186 F.3d 1119, 1126-27 (9th Cir. 1999) (holding that the warrantless attachment of an electronic tracking device to the undercarriage of a vehicle did not constitute an unreasonable search or seizure).

States Supreme Court has noted that states are free to interpret their own constitutional provisions as providing greater protections than analogous federal provisions.[3]

Osburn urges us to interpret the Nevada Constitution as providing greater protection than the United States Constitution. As persuasive authority, Osburn cites to the Oregon Supreme Court's holding in *State v. Campbell*.[4] In *Campbell,* the police, without a warrant, attached an electronic tracking device to the underside of a burglary suspect's vehicle to aid the police in their visual surveillance of the suspect.[5] On appeal, the Oregon Supreme Court was asked to decide whether the warrantless attachment of the electronic tracking device constituted an unreasonable search and seizure within the meaning of the Oregon Constitution. In construing the Oregon Constitution, the Oregon Supreme Court ruled that searches should not be defined in terms of reasonable expectations or privacy, but in terms of substantive privacy rights, regardless of society's expectations.[6] The Oregon Supreme Court concluded that the attachment of tracking devices improperly infringed upon this privacy right and, therefore, that such an attachment constituted a search under Article I, Section 9 of the Oregon Constitution.[7]

In contrast, the Ninth Circuit Court of Appeals reached a different conclusion when presented with the same issue in *United States v. McIver*.[8] In *McIver,* the police attached an electronic tracking device to the undercarriage of a suspect's vehicle as part of a drug investigation.[9] On appeal, McIver argued that the act of placing the transmitter onto the undercarriage of his vehicle constituted an unreasonable search and seizure under the United States Constitution. The Ninth Circuit disagreed, stating that "there is no reasonable expectation of privacy in the exterior of a car because '[t]he exterior of a car, of course, is thrust into the public eye, and thus to examine it does not constitute a "search." ' "[10] Additionally, the court held that the attachment of the transmitter to the undercarriage of McIver's vehicle did not constitute a "seizure" because McIver failed to show that

---

[3]*See Michigan v. Long,* 463 U.S. 1032, 1041 (1983).

[4]759 P.2d 1040 (Or. 1988).

[5]*Id.* at 1041-42.

[6]*Id.* at 1044.

[7]*Id.* at 1048-49.

[8]186 F.3d at 1126-27.

[9]*Id.* at 1123.

[10]*Id.* at 1126 (quoting *New York v. Class,* 475 U.S. 106, 114 (1986)); *see also Gama v. State,* 112 Nev. 833, 838, 920 P.2d 1010, 1013-14 (1996) (stating that a narcotics-trained dog's sniff of the exterior of a vehicle does not constitute a search).

such attachment "deprived him of dominion and control" of his vehicle.[11]

We agree with the analysis employed by the Ninth Circuit Court of Appeals in *McIver,* and accordingly, we decline to invoke the analysis used by the Oregon Supreme Court. Instead, we shall adhere to our prior decisions that hold that in order for an unreasonable search or seizure to exist, the complaining individual must have a reasonable expectation of privacy, which requires both a subjective and an objective expectation of privacy in the place searched or the item seized.[12] Here, we conclude that Osburn had neither a subjective nor an objective expectation of privacy in the bumper of his vehicle. First, as in *McIver,* there is no indication that Osburn had a subjective expectation of privacy in the exterior of his vehicle because Osburn did not take any steps to shield or hide the area from inspection by others. Moreover, the vehicle was parked in plain view on the street. Second, even if Osburn had manifested a subjective expectation of privacy, no objective expectation of privacy exists under these circumstances. The exterior of a vehicle, including its bumper, is open to public view and susceptible to casual inspection by the passerby. In fact, the safe and lawful operation of a modern automobile would be impossible without certain highly visible exterior features, such as headlights, turn signals, license plates and brake lights. Moreover, manufacturers, dealers and owners often take advantage of this public visibility by displaying model names, company logos, decals and bumper stickers on the exteriors of automobiles. In light of these facts, we can see no objective expectation of privacy in the exterior of an automobile.

Based on the above, we conclude that Osburn did not have a reasonable expectation of privacy because he lacked both a subjective and an objective expectation of privacy in the exterior of his vehicle. Therefore, the attachment of the electronic tracking device to the bumper of Osburn's vehicle did not constitute an unreasonable search or seizure under the Nevada Constitution. Accordingly, we conclude that the district court properly denied Osburn's motion to suppress, and we affirm the judgment of conviction.

MAUPIN, C. J., SHEARING, LEAVITT and BECKER, JJ., concur.

ROSE, J., with whom YOUNG, J., agrees, dissenting:

The protection against unreasonable searches and seizures is a

---

[11]*McIver,* 186 F.3d at 1127.

[12]*State v. Taylor,* 114 Nev. 1071, 1077, 968 P.2d 315, 320 (1998); *Young v. State,* 109 Nev. 205, 211, 849 P.2d 336, 340 (1993).

fundamental principle to prevent intrusion by the government into the most personal or private areas of a citizen's life without first establishing probable cause for, and the extent of, the intrusion. Our forefathers believed so strongly in this protection that the prohibition against governmental searches and seizures appears not only in the United States Constitution, but also in the state constitutions of each state.[1] The issue in this case presents one of those few situations where the federal analysis falls short in protecting citizens from unreasonable searches and seizures. This court should hold that placing an electronic monitor on a vehicle that permits the continuing surveillance of the vehicle is a search under the Nevada Constitution.

When interpreting a constitutional protection that appears in both the United States and Nevada Constitutions, we will usually defer to and follow the interpretations of the federal courts. The Ninth Circuit Court of Appeals has held that placing an electronic monitor on a vehicle is not a search and seizure under the established law that focuses on a citizen's expectation of privacy.[2] The majority follows this traditional analysis. However, we are entitled to construe our Nevada Constitution to give more protection when the federal interpretation falls short in fully recognizing the right or remedy given to our citizens.[3]

If we focus only on a person's expectation of privacy for his bumper or auto frame and the place where the monitor is placed, I believe we are missing the real impact of the intrusion on a person's privacy. The automobile's use is a necessity in most parts of Nevada, and placing a monitor on an individual's vehicle effectively tracks that person's every movement just as if the person had it on his or her person. I consider this a substantial invasion of an individual's privacy and, in effect, a continuing monitoring or effective continuing search of an individual.

In *State v. Campbell*,[4] the Oregon Supreme Court recognized that the use of an automobile monitor by law enforcement is an invasion of a citizen's fundamental right to privacy, and declared that it constitutes an illegal search under the Oregon Constitution's prohibition against unreasonable searches and seizures. The court first explained that under its state constitution, the protection ''is not the privacy that one reasonably *expects* but the privacy to which one has a *right*.''[5] Based on this, the court framed the issue as ''whether the practice, if engaged in wholly

---

[1]*See, e.g.,* Nev. Const. art. 1, § 18.

[2]*U.S. v. McIver,* 186 F.3d 1119, 1126-27 (9th Cir. 1999).

[3]*See Michigan v. Long,* 463 U.S. 1032, 1041 (1983).

[4]759 P.2d 1040, 1049 (Or. 1988).

[5]*Id.* at 1044.

at the discretion of the government, will significantly impair 'the people's' freedom from scrutiny, for the protection of that freedom is the principle that underlies the prohibition on 'unreasonable searches' '' set forth under the Oregon Constitution.[6] The court observed that if the government's position were correct:

> [N]o movement, no location and no conversation in a "public place" would in any measure be secure from the prying of the government. There would in addition be no ready means for individuals to ascertain when they were being scrutinized and when they were not. That is nothing short of a staggering limitation upon personal freedom.[7]

The court then held:

> We hold that the use of the radio transmitter to locate defendant's automobile was a search under Article I, section 9, of the Oregon Constitution. Because the police did not have a warrant to use the transmitter, and because no exigency obviated the need to obtain a warrant, use of the transmitter violated defendant's rights under Article I, section 9.[8]

The fact that few cases have followed this reasoning does not make the Oregon Supreme Court's analysis invalid. I consider the federal court's analysis too categorical and myopic. Oregon's approach recognizes a new form of technology as a hi-tech search that significantly invades a person's privacy without any judicial safeguard.

To best understand the extent of this intrusion, we should consider what the majority is now permitting law enforcement to do without any oversight whatsoever. The police will be able to place a vehicle monitor on any vehicle, for any reason, and leave it there for as long as they want. There will be no requirement that the monitor be used only when probable cause—or even a reasonable suspicion—is shown, and there will be no time limit on how long the monitor will remain.

I am sure that the vehicle monitor will be used by the police in many cases when there is probable cause to suspect illegal activity and for only as long as is absolutely necessary. But I fear that in some instances, the monitor will be used to continually monitor individuals only because law enforcement considers them "dirty." In the future, innocent citizens, and perhaps elected officials or even a police officer's girlfriend or boyfriend, will have their whereabouts continually monitored simply because someone in law enforcement decided to take such action. This gives too much authority to law enforcement and permits the police to use

---

[6] *Id.* at 1048.

[7] *Id.* at 1049.

[8] *Id.*

the vehicle monitor without any showing of necessity and without a limit on the duration of the personal intrusion.

For these reasons, I respectfully dissent.