THE STATE OF NEVADA, Appellant, *v.* JOSE SIMON GAMEROS-PEREZ and ISIDRO BENITEZ-MEDINA, Respondents.

No. 41061

November 3, 2003                                    78 P.3d 511

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Appellant.

*Law Office of David R. Houston* and *David R. Houston,* Reno, for Respondent Gameros-Perez.

*Michael R. Specchio,* Public Defender, *John Reese Petty,* Chief Deputy Public Defender, and *Mary Pat Barry,* Deputy Public Defender, Washoe County, for Respondent Benitez-Medina.

Before the Court En Banc.

## OPINION

By the Court, ROSE, J.:

This is an appeal by the State of Nevada from an order of the district court granting a pretrial motion brought by respondents, Jose Simon Gameros-Perez and Isidro Benitez-Medina, to suppress evidence obtained during the execution of a telephonic search warrant. We reverse and remand with instructions.

### FACTS

On October 30, 2002, as part of an investigation into possible illicit drug activity, Washoe County Sheriff's Detective David Kuzemchak telephonically applied for and obtained a warrant to search respondents' apartment pursuant to NRS 179.045(2).[1] Accordingly, the magistrate issued the warrant based upon sworn oral representations later reduced to writing. Although the warrant contained a statement that probable cause existed to believe respondents were in possession of illegal narcotics and paraphernalia at their apartment, it did not contain an actual recitation of the probable cause for the search.

Sheriff's deputies located heroin during the search and placed respondents under arrest. Thereafter, a justice of the peace bound respondents over for trial in district court on charges of narcotics trafficking and conspiracy to sell a controlled substance. The district court ultimately granted respondents' motion to suppress the evidence because the warrant served upon respondents did not contain a statement of probable cause. In this, the district court relied upon our decision in *State v. Allen*[2] (*Allen I*), in which we discussed and applied the requirements for search warrants issued pursuant to NRS 179.045(5).[3] As noted, the State appeals from that order.

---

[1]NRS 179.045(2) states:

> In lieu of the affidavit required by subsection 1, the magistrate may take an oral statement given under oath, which must be recorded in the presence of the magistrate or in his immediate vicinity by a certified court reporter or by electronic means, transcribed, certified by the reporter if he recorded it, and certified by the magistrate. The statement must be filed with the clerk of the court.

[2]118 Nev. 842, 60 P.3d 475 (2002).

[3]NRS 179.045(5) states:

> The warrant must be directed to a peace officer in the county where the warrant is to be executed. It must:
>   (a) State the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof; or
>   (b) Incorporate by reference the affidavit or oral statement upon which it is based.
> The warrant must command the officer to search forthwith the person or place named for the property specified.

## DISCUSSION

*Allen II*

The State argues that our en banc reconsideration of *Allen I* in *State v. Allen*[4] (*Allen II*) undercuts the basis for the district court's suppression order. We agree.[5] Although not dealing with a telephonic search warrant in *Allen I* and *II*, we clearly stated in *Allen II* that "[t]his opinion does not address and should not affect search warrants issued pursuant to NRS 179.045(2)," the telephonic warrant subsection.[6] Unfortunately, the district court did not have this language before it when it rendered its decision. Now presented with a warrant issued pursuant to NRS 179.045(2), we hold that a warrant issued pursuant to this subsection need not contain a statement of probable cause on the face of the warrant. However, because of a degree of confusion surrounding our statements concerning the requirements of NRS 179.045 in both *Allen I* and *Allen II*, we now take this further opportunity to clarify the two decisions.

The *Allen* decisions did not concern a search warrant issued pursuant to NRS 179.045(2). In *Allen I* and *II*, police authorities obtained a search warrant based upon an affidavit that was not sealed. No statement of probable cause appeared on the face of the warrant, the warrant did not explicitly incorporate the affidavit by reference, and police officials did not attach a copy of the affidavit to the warrant or leave a copy of the affidavit at the searched premises. In *Allen I*, we upheld the district court's order suppressing evidence seized pursuant to the warrant:

> The Nevada Legislature amended NRS 179.045 in 1997 to permit a magistrate to seal the affidavit of probable cause upon a showing of good cause. This now appears as NRS 179.045(3). The section at issue here, NRS 179.045(5)(b), was proposed in the same amendment and was designed to facilitate the magistrate's ability to seal affidavits.
>
> If a magistrate, for good cause, seals an affidavit of probable cause under NRS 179.045(3), then the search warrant may incorporate that affidavit by reference under NRS 179.045(5)(b). *However, the incorporation by reference provision does not eliminate the requirement that the warrant itself contain a statement of probable cause. Underpinning search warrant law is the requirement that search warrants be*

---

[4]119 Nev. 166, 69 P.3d 232 (2003).

[5]The State also argues that the warrant contained a sufficient statement of probable cause, but we reject this argument. However, as noted *infra*, we conclude in our clarification of *Allen II*, that warrants issued pursuant to NRS 179.045(2) do not require a statement of probable cause on the face of the warrant itself.

[6]119 Nev. at 171 n.16, 69 P.3d at 235 n.16.

*issued upon a showing of probable cause. Thus, the option provided under NRS 179.045 is to make a statement of probable cause and (1) state the names of the persons whose affidavits had been taken, or (2) incorporate the affidavit by reference in the warrant. Implicit in NRS 179.045(5)(b) is that a statement of probable cause be included in the warrant.* Simply because an affidavit is incorporated by reference does not eliminate the need to include a statement of probable cause in the warrant.

In cases where a magistrate has not sealed an affidavit and it is incorporated by reference in the warrant, that affidavit must accompany the warrant and be provided to the target of the search or left at the residence.[7]

Because the emphasized language created a degree of uncertainty concerning the interplay between NRS 179.045(2) and (5), we issued the opinion in *Allen II,* changing the emphasized portion of the opinion as follows:

However, the incorporation by reference provision does not eliminate the requirement that the warrant itself contain a statement of probable cause *if the affidavit is not sealed or issued upon a recorded oral statement pursuant to section 2 of NRS 179.045.*[8]

The emphasized language quoted above from *Allen II* is not meant to suggest that telephonic warrants are subject to the requirements of NRS 179.045(5), other than to "incorporate by reference the affidavit or oral statement." The preface to our opinion in *Allen II* stipulates that search warrants supported by sealed affidavits and those issued under NRS 179.045(2) need not contain a statement of probable cause or have the probable cause statement physically attached to the warrant. As previously indicated, a footnote to the decision states that the "attachment" requirement does not apply to warrants issued under NRS 179.045(2).[9]

We also now clarify our statement regarding the two options for the issuance of warrants under NRS 179.045(5)(a) and (b) in *Allen I,* quoted above. NRS 179.045(5)(a) and (b) state:

The warrant must be directed to a peace officer in the county where the warrant is to be executed. It must:

(a) State the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof; or

---

[7]*Allen I,* 118 Nev. at 847-48, 60 P.3d at 478-79 (footnotes omitted) (emphasis added).

[8]*Allen II,* 119 Nev. at 171, 69 P.3d at 235 (emphasis added).

[9]*Id.* at 171 n.16, 69 P.3d at 235 n.16.

(b) Incorporate by reference the affidavit or oral statement upon which it is based.

We therefore restate the options under NRS 179.045 as follows. First, it is unnecessary for police authorities and judicial officers to recite a statement of probable cause on the face of search warrants issued pursuant to NRS 179.045(3), upon sealed affidavits and warrants issued pursuant to NRS 179.045(2). Under subsection 3, statements of probable cause in sealed affidavits must be incorporated by reference without being attached to the warrant, but remain sealed until some future time. Statements of probable cause in support of warrants issued under subsection 2 may be later accessed via the court clerk. Second, warrants issued upon unsealed affidavits must either state the probable cause for issuance and the names of persons whose affidavits support the application for the warrant on the face thereof, or the affidavit must be incorporated into the warrant by reference, physically attached to the warrant and left at the premises where the warrant is served. We reiterate that *Allen I* correctly affirmed a district court order suppressing evidence seized pursuant to a search warrant with no facial statement of probable cause, and based upon an unsealed, unincorporated and unattached affidavit.

Here, however, the district court applied the ruling of *Allen I* to a warrant issued telephonically under NRS 179.045(2), a warrant process which *Allen I* and subsequent clarifications of it do not govern. Accordingly, any examination of probable cause in aid of the warrant in this case must be undertaken in connection with the transcribed sworn statement upon which the warrant was issued.

*Probable cause*

The relevant portions of the search warrant read as follows:

> Proof . . . having been made this date before me by Detective Kuzemchak of the WCNU, Washoe County, Nevada, that there is probable cause to believe that the crime(s) of possession of a controlled substance, felony violations of NRS 453.336 has/have been committed by Simon ULN and/or Isidro Benitez and that evidence of the crime(s) controlled substances: namely, heroin and cocaine, packaging materials, scales, ledgers, cell phones, pagers and indicia of rental for 3125 S. Virginia St. #79 is/are presently located, concealed and/or hidden on or within a residence and its surrounding premises and curtilage including sheds, outbuildings and areas appurtenant thereto, described as 3125 S. Virginia St. #79, Reno (Southwest Village Apts.), in Washoe County, Nevada.

As noted at the outset, the warrant only states a suspicion of criminal activity, not the grounds or probable cause for that suspicion. As also noted, we reject respondents' contention that NRS

179.045(2) telephonic search warrants require a statement of probable cause on the face of the warrant or attached to it.

Because the district court erroneously relied on our decision in *Allen I,* it did not properly determine whether the State obtained the telephonic search warrant upon sufficient probable cause. Therefore, we remand this issue to the district court for further proceedings to determine whether the transcribed oral statement made under NRS 179.045(2) established sufficient probable cause for issuance of the search warrant.

## CONCLUSION

We reverse the district court's order suppressing the evidence based on our holding in *Allen II.* Additionally, we remand the issue of whether the transcribed oral statement establishes sufficient probable cause to the district court.

AGOSTI, C. J., SHEARING, LEAVITT, BECKER, MAUPIN and GIBBONS, JJ., concur.