129 Nev., Advance Opinion 102

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>MICHAEL ALAN KINCADE,<br>Respondent. | No. 61262 |
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>MICHAEL ALAN KINCADE,<br>Respondent. | No. 61263<br><br>**FILED**<br><br>DEC 2 6 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting a motion to suppress evidence. Seventh Judicial District Court, Lincoln County; Steve L. Dobrescu, Judge.

*Affirmed.*

Catherine Cortez Masto, Attorney General, Carson City; Daniel M. Hooge, District Attorney, Lincoln County,
for Appellant.

Dylan V. Frehner, Public Defender, Lincoln County,
for Respondent.

---

BEFORE THE COURT EN BANC.

13-39245

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this case, we consider whether the district court properly excluded evidence seized pursuant to a search warrant where the warrant did not comply with NRS 179.045(5)'s requirement that a warrant include a statement of probable cause or have the affidavit upon which probable cause was based attached. Recognizing that a state may provide broader protections to its citizens than provided by the U.S. Constitution, we reaffirm our decision in *State v. Allen*, 119 Nev. 166, 69 P.3d 232 (2003) (*Allen II*), and conclude that failure to comply with NRS 179.045(5) triggers exclusion despite the U.S. Supreme Court's contrary holding in *United States v. Grubbs*, 547 U.S. 90, 97 (2006).

## FACTS

The Lincoln County Sheriff's Department initiated an investigation of respondent Michael Kincade following reports that he was sexually abusing minor relatives. In the course of the investigation, a detective filed an affidavit for a warrant to search Kincade's residence for evidence related to the allegations. A justice of the peace issued a warrant, but when it was served on Kincade, the warrant did not include a statement of probable cause and the affidavit setting forth the basis for probable cause was not attached to the warrant. The subsequent search revealed images of child pornography on Kincade's computer and external hard drive. The State pursued numerous charges against Kincade for sexual assault and possession of child pornography.[1] Kincade moved to

---

[1]The sexual assault charges and child pornography charges were bifurcated into separate cases.

 

suppress the evidence found on his computer, which the district court granted. The district court concluded that the affidavit did not support a probable cause finding and that the execution of the warrant violated NRS 179.045(5), which requires a warrant to either include a statement of probable cause or have the affidavit supporting the warrant attached. The State now brings this appeal.

## DISCUSSION

The State argues that the district court erred by excluding evidence under NRS 179.045(5), which requires the warrant to include a statement of probable cause or have the affidavit upon which it is based attached, because the omission was merely a ministerial violation. The State also argues that the district court erred in suppressing the evidence because the detective relied in good faith on the validity of the warrant issued by the justice of the peace.

*The search warrant's failure to comply with NRS 179.045(5) mandates exclusion of evidence seized pursuant to the warrant*

NRS 179.045(5) provides that a warrant must either include a statement of probable cause or have the affidavit upon which probable cause is based attached. NRS 179.085 provides that a person may move to suppress evidence on the grounds that "[t]he warrant is insufficient on its face." NRS 179.085(1)(b). In a case factually similar to this one, we held that failure to include a statement of probable cause or to attach a valid affidavit to a search warrant in violation of NRS 179.045 triggers exclusion under NRS 179.085. *State v. Allen*, 119 Nev. 166, 168, 69 P.3d 232, 233 (2003) (*Allen II*), *modifying State v. Allen*, 118 Nev. 842, 60 P.3d 475 (2002) (*Allen I*). In *Allen II*, a deputy conducted a home search pursuant to a warrant, but the warrant did not include a statement of probable cause and the deputy did not leave a copy of the affidavit with

the warrant following the search as required by NRS 179.045. 119 Nev. at 168, 69 P.3d at 233-34. We held that exclusion is proper upon failure to leave a copy of an affidavit with a warrant where the warrant does not itself include a statement of probable cause, even if the affidavit is incorporated by reference into the warrant. *Id.* at 171-72, 69 P.3d at 235-36.[2]

The State argues, however, that *United States v. Grubbs*, a more recent U.S. Supreme Court case, abrogates *Allen II*. 547 U.S. 90, 97 (2006). In *Grubbs*, the Court considered the issue of whether a triggering clause, which was part of the basis for the magistrate's probable cause determination, was required in a warrant that anticipated the future presence of contraband at a defendant's residence. *Id.* The *Grubbs* court held that the Fourth Amendment does not require an anticipatory warrant to include a triggering condition. *Id.* Instead, the Court narrowly construed the Fourth Amendment to only require that a warrant state with particularity the place to be searched and the items subject to seizure. *Id.* Indeed, the Court confirmed that "the Fourth Amendment does not require that the warrant set forth the magistrate's basis for finding probable cause, even though probable cause is the quintessential precondition to the valid exercise of executive power." *Id.* at 98 (internal quotations omitted).

However, states are permitted to provide broader protections and rights than provided by the U.S. Constitution. *Virginia v. Moore*, 553

---

[2]The requirement that the affidavit must be attached does not apply to sealed warrants or to telephonic warrants issued pursuant to NRS 179.045(2). *See Allen II*, 119 Nev. at 167-68, 69 P.3d at 233; *State v. Gameros-Perez*, 119 Nev. 537, 541, 78 P.3d 511, 514 (2003).

U.S. 164, 171 (2008); *Osburn v. State*, 118 Nev. 323, 326, 44 P.3d 523, 525 (2002). Thus, to the extent that *Allen II* promulgates a statutory rule of criminal procedure, the more permissive standard of *Grubbs* does not vitiate this court's holding in *Allen II*.

Regardless, the State argues that this court should adopt *Grubbs* because *Allen II* was an application of the Fourth Amendment and not of Nevada statutory or constitutional law. The State is incorrect. In *Allen II*, we determined that NRS 179.045 is plain and unambiguous and held that failure to comply with NRS 179.045 warrants exclusion. *Id.* at 168, 170, 69 P.3d at 233, 235. The Legislature established these requirements for a valid warrant in Nevada and has provided for suppression of evidence obtained based on a warrant that is insufficient on its face. NRS 179.085(1)(b). Thus, the holding of *Allen II* need not necessarily be affected by developments in federal Fourth Amendment jurisprudence. *Moore*, 553 U.S. at 171; *Osburn*, 118 Nev. at 326, 44 P.3d at 525. Accordingly, we decline to depart from *Allen II*'s holding that failure to comply with NRS 179.045 mandates exclusion.

*Leon's good-faith exception does not apply*

The State next argues that the district court excluded evidence without first determining whether suppression would further the purposes of the exclusionary rule under the balancing test of *United States v. Leon*, 468 U.S. 897, 906 (1984).

The U.S. Constitution does not provide for exclusion of evidence obtained in violation of the Fourth Amendment. *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Instead, the exclusionary rule is a judicial remedy designed to deter law enforcement from future Fourth Amendment violations. *Leon*, 468 U.S. at 906. Accordingly, "suppression of evidence obtained pursuant to a warrant should be ordered only on a

case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. However, exclusion is warranted without engaging in a case-by-case analysis where (1) the probable cause determination is based on misleading information in the affidavit that the affiant knew was false or would have known was false absent a reckless disregard for the truth, (2) the magistrate wholly abandoned a detached or neutral role, (3) the warrant is so facially deficient that the officers executing it cannot reasonably presume its validity, or (4) the supporting affidavits are so lacking in probable cause as to render official belief in its existence entirely unreasonable. *Id.* at 923. Outside of those four exceptions, a search based on a deficient warrant is not unreasonable where the officer executing the warrant has an objective good-faith belief that the warrant is valid.

In *Allen II*, this court held that failure of a police officer to follow the requirements of NRS 179.045(5) rendered reliance on the warrant unreasonable, thus the warrant in question did not trigger *Leon's* good-faith exception. 119 Nev. at 172, 69 P.3d at 236. We see no reason to disturb our holding in *Allen II* that exclusion is the appropriate remedy when a warrant does not comply with the statute. Thus, as the instant warrant similarly does not comply with NRS 179.045(5)'s requirements, the *Leon* exception is inapplicable.

## CONCLUSION

In conclusion, *Allen II* is still controlling law despite *Grubbs* because this court may grant broader protections to its citizens than required by the U.S. Constitution, and *Leon's* good-faith exception will not apply where statutory requirements are not followed. Thus, failure to

comply with NRS 179.045 justifies the exclusion of evidence obtained in a search pursuant to a defective warrant. *See Allen II*, 119 Nev. at 171-72, 69 P.3d at 235-36.[3]

Accordingly, we affirm the district court's order.

_____, J.
Parraguirre

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[3]Although we affirm the district court's order solely on the ground that the warrant did not comply with NRS 179.045, we also note with approval the district court's determination that the affidavit was "wholly insufficient" and did not provide a substantial basis for the justice of the peace to find probable cause that would justify issuing a search warrant.