An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DOUGLAS S. GASHER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66026

FILED

DEC 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK



*ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of two counts of burglary and three counts of possession of stolen property. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Douglas Gasher first contends that his conviction should be reversed because the tracking device placed on his vehicle violated the Fourth Amendment prohibition against unreasonable search and seizure. Gasher did not expressly preserve this issue when he pleaded guilty and, thus, waived his right to raise the issue on appeal. *See* NRS 174.035(3); *Webb v. State*, 91 Nev. 469, 470, 538 P.2d 164, 165 (1975) (the entry of a guilty plea generally waives any right to appeal from events occurring prior to the entry of the plea).

Gasher next contends that he received ineffective assistance of trial counsel because counsel failed to advise him of the alleged Fourth Amendment violation or to move to suppress the evidence resulting from it. Ineffective-assistance claims are generally inappropriate on direct appeal because there has not been an evidentiary hearing to resolve factual disputes. *Johnson v. State*, 117 Nev. 153, 160-61, 17 P.3d 1008, 1013 (2001). However, Gasher's claim does not implicate any factual

disputes. At the time the search was conducted, binding appellate precedent held that attaching a GPS device to a vehicle did not violate the Fourth Amendment. *Osburn v. State*, 118 Nev. 323, 327, 44 P.3d 523, 526 (2002); *see also United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999). And "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule" because application of this rule "would do nothing to deter police misconduct" and therefore would not further the purpose of the rule. *Davis v. United States*, 564 U.S. ___, ___, 131 S. Ct. 2419, 2423-24, 2427 (2011). Thus Gasher's underlying Fourth Amendment claim lacked merit, and counsel could not be ineffective for failing to raise meritless claims. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (setting forth the test for ineffective assistance in relation to a guilty plea); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996); *Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (counsel is not ineffective for failing to raise futile claims).

Finally, Gasher contends that the sentencing court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it "relied on [PSI] information to determine whether to accept the recommendation of habitual status." This court has previously held that Gasher's sentence was not imposed in violation of *Apprendi. Gasher v. State*, Docket No. 59483 (Order Affirming in Part, Reversing in Part and Remanding, December 12, 2012). That holding is now the law of the case and "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Moreover, as a separate and independent ground to deny relief, Gasher's claim lacks

merit. While *Apprendi* bars the consideration of information other than the existence of prior convictions in deciding habitual-criminal eligibility, it does not bar consideration of other information in deciding on a sentence within the statutory range. *O'Neill v. State*, 123 Nev. 9, 16, 153 P.3d 38, 43 (2007). To the extent Gasher attempts to expand the district court's comment that it would "rely upon the PSI" to determine the amount of restitution to mean that it also relied on the PSI in determining habitual-criminal eligibility, his argument is unreasonable. The comment was specifically in regard to restitution and was made only after the court had already stated it would sentence Gasher as an habitual criminal.[1]

Having considered Gasher's claims and concluding they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Michelle Leavitt, District Judge
        The Kice Law Group, LLC
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[1]Gasher was instead granted an evidentiary hearing to determine the amount of restitution.