# IN THE SUPREME COURT OF THE STATE OF NEVADA

GERALD HENDERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73282

FILED

JUL 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony driving under the influence. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant Gerald Henderson was convicted of driving under the influence in violation of NRS 484C.110 and NRS 484C.410, a category B felony. On appeal, Henderson argues that the district court improperly denied his motion to suppress evidence of his blood draw. The officer involved, Officer Alaksa, obtained an electronic warrant via email, and Henderson challenged the validity of this warrant below. The district court did not rule on the validity of the warrant, instead concluding that a warrantless blood draw was permissible under the exigent circumstances exception because Henderson was unconscious at the time of the blood draw. On appeal, Henderson challenges this finding. In response, the State argues that the warrant was valid or that if it was not, the good faith exception applies. Alternatively, the State argues the district court

18-29242

correctly found that exigent circumstances existed and that even if they did not, admission of the blood draw evidence was harmless.[1]

*The district court erred in applying the exigent circumstances exception*

Henderson argues that the district court erred by determining that a warrantless blood draw was justified under the exigent circumstances exception. We agree.

"Suppression issues present mixed questions of law and fact. This court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. 481, 485-86, 305 P.3d 912, 916 (2013) (internal quotation and citation omitted). "The Fourth Amendment to the United States Constitution and Article 1, Section 18 of the Nevada Constitution protect individuals from unreasonable searches and seizures." *Byars v. State*, 130 Nev. 848, 853-54, 336 P.3d 939, 943 (2014). Unquestionably, taking a blood draw "is a search." *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2173 (2016); *see also Schmerber v. California*, 384 U.S. 757, 767 (1966). "A warrantless search is reasonable only where it falls within a recognized exception." *Byars*, 130 Nev. at 854, 336 P.3d at 943. One such exception is "exigent circumstances." *Id.*

"The exigent circumstances exception to the warrant requirement applies where 'the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment.'" *Id.* (quoting *Missouri v. McNeely*, 569 U.S. 141, 148-49 (2013)). The existence of exigent circumstances is determined by reviewing the totality of the circumstances.

---

[1]The parties are familiar with the facts of this case and we recite them here only as necessary for our analysis.



*McNeely*, 569 U.S. at 145. In *Schmerber v. California*, the United States Supreme Court reasoned that exigent circumstances exist when a police officer "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant" would have allowed the defendant's body to metabolize the alcohol in his blood and destroy evidence of his intoxication. 384 U.S. at 770-71. In *Missouri v. McNeely*, the United States Supreme Court narrowed *Schmerber*'s holding to situations outside the police officer's control, such as the need to spend additional time investigating an accident scene or the need to care for injured people, that significantly delay a police officer's ability to obtain a warrant and "threaten[ ] the destruction of evidence." 569 U.S. at 152. In reaching this holding, the Supreme Court concluded that the natural dissipation of alcohol from the blood does not create a per se exigent circumstance. *Id.* at 145.

In *Byars v. State*, we addressed a section of Nevada's implied consent statute in light of *McNeely*. 130 Nev. at 852, 336 P.3d at 942. We held that former NRS 484C.160(7) was unconstitutional because it permitted officers to use force to obtain a blood sample from a person without a warrant, consent, or other exception to the warrant requirement. *Id.* Additionally, we held that there "is *no justification* for applying the exigent circumstances exception when 'officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search.'" *Id.* at 855-56, 336 P.3d at 944 (emphasis added) (quoting *McNeely*, 569 U.S. at 152); *see also McNeely*, 569 U.S. at 153 (indicating that the exigency exception should be preserved for situation in which police are "truly confronted with a 'now or never' situation" (quoting *Roaden v. Kentucky*, 413 U.S. 496, 505 (1973)).

It is uncontested that Officer Alaksa obtained a warrant, though arguably invalid, prior to the blood draw. Because Officer Alaksa had time to obtain this warrant, it is illogical under *Byars* and *McNeely* to claim that exigent circumstances existed such that a warrantless search was justified. We therefore conclude that the district court erred in applying the exigent circumstances exception when the officer involved not only reasonably could have, but *did* in fact obtain a warrant prior to the blood draw.

*The good faith exception to the warrant requirement applies*

Henderson argued below that the warrant was invalid because Officer Alaksa obtained it via email. The State argues that, assuming the district court improperly applied the exigent exception to the warrant requirement, the warrant obtained by email was either valid or the good faith exception to the exclusionary rule applies. Although the district court did not make findings regarding the validity of the warrant, we agree that even if the warrant was invalid, the good faith exception would apply here. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

"The U.S. Constitution does not provide for exclusion of evidence obtained in violation of the Fourth Amendment. Instead, the exclusionary rule is a judicial remedy designed to deter law enforcement from future Fourth Amendment violations." *State v. Kincade*, 129 Nev. 953, 957, 317 P.3d 206, 208 (2013) (citation omitted). "Outside [the specifically recognized] exceptions, a search based on a deficient warrant is not unreasonable where the officer executing the warrant has an objective good-faith belief that the warrant is valid." *Id.* at 957, 317 P.3d at 208-09. "The

Supreme Court
OF
Nevada

(O) 1947A

4

rationale behind [the good faith exception] is that since law enforcement officers are not lawyers and since they must often make hurried judgments, courts should not exclude probative evidence when officers make reasonable mistakes in obtaining a warrant." *United States v. Weber*, 923 F.2d 1338, 1346 (9th Cir. 1990) (internal quotation and citation omitted). Thus, "one such factor in determining whether the warrant was obtained reasonably is the time pressure under which the Officer was operating when he prepared the warrant application." *Id.*; *see also Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014) ("To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'" (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)).

Officer Alaksa applied for the seizure warrant at 3:55 a.m. from a trauma room at a hospital where Henderson was semi-unconscious, essentially incoherent, and being treated for a head wound. Officer Alaksa reported that he found Henderson in a gutter, pinned underneath his moped scooter. Officer Alaksa further reported that upon conversing with Henderson, he determined that Henderson's speech was slurred, his eyes were watery, he smelled of alcohol, his pants were unzipped, and he had urinated himself. A witness also informed Officer Alaksa that Henderson had been operating his moped scooter prior to crashing. Officer Alaksa provided this information in a statement of probable cause to the magistrate judge via email and was informed, also via email, that the magistrate judge had found probable cause existed. Officer Alaksa then completed a duplicate original warrant, which stated with particularity the person to be searched and the thing to be seized. Based on the undisputed facts, we conclude that Officer Alaksa's procedure for obtaining a warrant was

reasonable, and that his reliance on the resulting warrant was reasonable under the circumstances. Accordingly, even if the warrant obtained via email was invalid, we hold that the good faith exception to the warrant requirement would apply and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Scott N. Freeman, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk