THE STATE OF NEVADA, Appellant, *v.* RUTH LAMAY
ALLEN, Respondent.

No. 38741

May 21, 2003                                      69 P.3d 232

*Brian Sandoval,* Attorney General, Carson City; *David G.
Allison,* District Attorney, and *Conrad Hafen,* Chief Deputy
District Attorney, Humboldt County, for Appellant.

*Jack T. Bullock II,* Winnemucca, for Respondent.

Before the Court EN BANC.

## OPINION ON EN BANC RECONSIDERATION

*Per Curiam:*

In this appeal, we are asked to determine whether a search warrant that did not contain a statement of probable cause was nevertheless valid because it complied with the "incorporation by reference" requirements of NRS 179.045(5)(b). The affidavit sup-

porting the search warrant was not sealed, and the warrant was not issued after telephonic communication pursuant to NRS 179.045(2). We conclude that a search warrant that is neither supported by a sealed affidavit nor issued pursuant to NRS 179.045(2) must contain a probable cause statement or have the probable cause statement physically attached to the search warrant. Additionally, we conclude that the *Leon*[1] good faith exception does not apply to the actions of the police in this case.

## *FACTS*

On October 12, 1999, Humboldt County Deputy Sheriff Mike Buxton (Deputy Buxton) received information that a drug deal had occurred in a local Wal-Mart parking lot. After identifying the vehicle involved in the drug deal, Deputy Buxton obtained the address of the respondent, Ruth Allen (Ms. Allen), and began to conduct surveillance on her home in an attempt to locate the vehicle. On January 11, 2000, Deputy Buxton searched Ms. Allen's trash and found items containing Ms. Allen's name and pieces of marijuana.

Based on the foregoing, Deputy Buxton submitted an affidavit to a justice of the peace requesting the issuance of a search warrant. The justice of the peace determined that probable cause existed and authorized a search of Ms. Allen's residence. The warrant, drafted by Deputy Buxton and signed by the justice of the peace, provided the following: "Proof by [a]ffidavit having been made before me by Michael Buxton that there is grounds for issuing this Search Warrant, pursuant to NRS 179.035, and that there is property or other things to be seized that consist of items, or constitute evidence."

On January 20, 2000, Deputy Buxton and other investigators executed the search warrant. After arresting a man on the premises who had marijuana in his pocket, the investigators searched the home and found drugs in the bedroom and in a safe. Ms. Allen was arrested and charged with possession of a controlled substance for sale, a category D felony. As was his normal practice, Deputy Buxton left the search warrant and an inventory receipt of the items seized at Ms. Allen's house, but did not leave a copy of the affidavit.[2] The Deputy had not brought the affidavit with him when he searched the residence.

Ms. Allen filed a motion to suppress the evidence seized from her home, on which the district court held a hearing on September 13, 2001. One of the main issues at the hearing was whether

---

[1]*United States v. Leon,* 468 U.S. 897 (1984).

[2]Deputy Buxton testified that he was never trained to leave an affidavit at a residence.

the search warrant was insufficient on its face because it did not properly state probable cause or incorporate the probable cause affidavit by reference as required by NRS 179.045(5).[3]

At the hearing, Deputy Buxton conceded that the search warrant itself did not recite probable cause for the search.[4] Rather, the Deputy testified that probable cause was contained in his affidavit. Additionally, the Deputy testified that while the warrant did not contain the specific words "the affidavit is hereby incorporated herein," the warrant did make some reference to the affidavit.[5]

The district court granted Ms. Allen's motion to suppress the evidence seized during the search of her home. The court concluded that Deputy Buxton did not comply with either of the requirements of NRS 179.045(5).[6] The district court further concluded that the *Leon* good faith exception did not apply because "the search warrant lacked specific grounds or probable cause on its face."[7] The State appeals from that order.

---

[3]NRS 179.045(5) provides, in relevant part:

> The warrant must be directed to a peace officer in the county where the warrant is to be executed. It must:
> (a) State the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof; or
> (b) Incorporate by reference the affidavit or oral statement upon which it is based.

[4]Deputy Buxton testified that he prepared the warrant in the manner that he was trained.

[5]In 1997, the Legislature added the language that is codified as NRS 179.045(5)(b). 1997 Nev. Stat., ch. 213, § 1, at 741. This section was added to allow for sealed warrants pursuant to the newly added NRS 179.045(3). Deputy Buxton testified that he was never trained that when the warrant stated that the affidavit was "incorporated by reference," the affidavit still had to be attached to the warrant.

[6]The trial court stated:

> The law required that [D]etective Buxton deliver or leave a copy of a sufficient search warrant stating probable cause or incorporation of the probable cause, unless he had a judicial order sealing the Affidavit. Attaching or even leaving the probable cause Affidavit at the residence could have fulfilled legal requirements. On the face of the search warrant you could put something such as "attached to this search warrant is the probable cause affidavit of Investigator Buxton, which is incorporated by reference."

[7]NRS 179.085(1) states:

> A person aggrieved by an unlawful search and seizure may move the court having jurisdiction where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:
>
> . . . .
> (b) The warrant is insufficient on its face . . . .

## DISCUSSION

This appeal revolves around several criminal procedure questions. First, how to properly attach an affidavit through "incorporation by reference." Second, if such an affidavit is incorporated, whether the affidavit needs to be left at the scene of a search pursuant to the warrant. Third, whether the *Leon* good faith exception to the exclusionary rule applies if police do not properly incorporate an affidavit into a warrant by reference or leave an affidavit at the scene of a search.

The Nevada Constitution and the United States Constitution require a search warrant to be issued only upon a showing of probable cause. "[N]o warrant shall issue but on probable cause, supported by Oath or Affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."[8]

Thus, a search warrant has three basic components: (1) it must be issued upon probable cause and have support for the statement of probable cause; (2) it must describe the area to be searched; and (3) it must describe what will be seized. The linchpin of a warrant, however, is the existence of probable cause.

The meaning of a statute is a question of law to be reviewed de novo.[9] We review NRS 179.045(5) to determine its plain meaning, which is intended to reflect legislative intent.[10] When a statute is plain and unambiguous, this court will give that language its ordinary meaning and not go beyond it.[11] However, "if a statute is susceptible to more than one natural or honest interpretation, it is ambiguous," and we will examine the legislature's intent to determine the meaning of the vague language.[12] We conclude that the statute is not ambiguous and is clear on its face.

The Nevada Legislature amended NRS 179.045 in 1997 to permit a magistrate to seal the affidavit of probable cause upon a

---

[8]Nev. Const. art. 1, § 18; *see also* U.S. Const. amend. IV (substantially similar language).

[9]*State v. Friend,* 118 Nev. 115, 120, 40 P.3d 436, 439 (2002).

[10]*See Washington v. State,* 117 Nev. 735, 738-39, 30 P.3d 1134, 1136 (2001).

[11]*City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).

[12]*Banegas v. SIIS,* 117 Nev. 222, 225, 19 P.3d 245, 247 (2001).

showing of good cause.[13] This now appears as NRS 179.045(3).[14] The section at issue here, NRS 179.045(5)(b), was proposed in the same amendment[15] and was designed to facilitate the magistrate's ability to seal affidavits.

If a magistrate, for good cause, seals an affidavit of probable cause under NRS 179.045(3), then the search warrant may incorporate that affidavit by reference under NRS 179.045(5)(b). However, the incorporation by reference provision does not eliminate the requirement that the warrant itself contain a statement of probable cause if the affidavit is not sealed or issued upon a recorded oral statement pursuant to section 2 of NRS 179.045.[16] Underpinning search warrant law is the requirement that search warrants be issued upon a showing of probable cause. Thus, the option provided under NRS 179.045 is to make a statement of probable cause and (1) state the names of the persons whose affidavits had been taken, or (2) incorporate the affidavit by reference in the warrant. Implicit in NRS 179.045(5)(b) is that a statement of probable cause be included in the warrant. Simply because an affidavit is incorporated by reference does not eliminate the need to attach the statement of probable cause to the warrant.

In cases where a magistrate has not sealed an affidavit and it is incorporated by reference in the warrant, that affidavit must accompany the warrant and be provided to the target of the search or left at the residence. This allows the person whose privacy is being invaded to know immediately why a warrant has been served and upon what grounds it was issued.

In the current case, the affidavit was not sealed, and the record does not indicate that Deputy Buxton attempted to do so. Thus, it

---

[13]1997 Nev. Stat., ch. 213, § 1, at 741.

[14]NRS 179.045(3) states:

> Upon a showing of good cause, the magistrate may order an affidavit or a recording of an oral statement given pursuant to this section to be sealed. Upon a showing of good cause, a court may cause the affidavit or recording to be unsealed.

[15]1997 Nev. Stat., ch. 213, § 1, at 741.

[16]NRS 179.045(2) permits a magistrate to take a recorded statement under oath to establish probable cause and then authorize the issuance of the warrant. The Legislature has set forth this procedure to address special situations that law enforcement may encounter. This opinion does not address and should not affect search warrants issued pursuant to NRS 179.045(2).

should have accompanied the search warrant. As Deputy Buxton testified, the only statement of probable cause was in the affidavit. His failure to provide that affidavit to Ms. Allen was a failure that invokes the exclusionary rule. The exclusionary rule, while not acting to cure a Fourth Amendment violation, is a remedial action used to deter police from taking action that is not in accordance with proper search and seizure law.[17] Thus, we conclude that the evidence seized in the search of Ms. Allen's home was correctly suppressed.

We also hold that Deputy Buxton's conduct does not fall within the purview of the *Leon* good faith exception to the exclusionary rule. Exclusion is only appropriate where the remedial objectives of the exclusionary rule are served.[18] Under *Leon,* an officer's objectively reasonable reliance on an invalid warrant issued by a magistrate or judge will not act to suppress evidence seized under the warrant. However, under the objective standard, an officer is required "to have a reasonable knowledge of what the law prohibits."[19]

Because we conclude that NRS 179.045(5) is not ambiguous, we also conclude that the *Leon* good faith exception does not apply in this case. Deputy Buxton's actions did not follow the requirements set forth in NRS 179.045. If Deputy Buxton had properly incorporated the affidavit by reference, he was required to provide Ms. Allen with both the search warrant and the accompanying affidavit.

### CONCLUSION

We conclude that the district court properly suppressed evidence seized from Ms. Allen's home, and the *Leon* exception to the exclusionary rule does not apply. Accordingly, we affirm the district court's order.[20]

---

[17]*See Leon,* 468 U.S. at 906.

[18]*See Powell v. State,* 113 Nev. 41, 45, 930 P.2d 1123, 1125-26 (1997).

[19]*Leon*, 468 U.S. at 919-20 n.20.

[20]THE HONORABLE MARK GIBBONS, Justice, did not participate in the decision of this matter.