JOY R. EVANS, Appellant, v. TAYLOR SAMUELS and BRITTA SAMUELS, Individually, and as Trustees of the SAMUELS 1999 FAMILY TRUST DATED JANUARY 5, 1999, Respondents.

No. 38758

August 28, 2003                                     75 P.3d 361

*Margaret S. Evans,* Reno, for Appellant.

*Judith A. Otto* and *Carole Pope,* Reno, for Respondents.

*David A. Rahm,* Las Vegas; *Reinhart Boerner Van Deuren* and *J. Bushnell Nielsen,* Milwaukee, Wisconsin, for Amicus Curiae Nevada Land Title Association.

Before ROSE, MAUPIN and GIBBONS, JJ.

# OPINION

*Per Curiam:*

In this appeal, we consider whether a lien expires if the judgment is not renewed within six years. We conclude that NRS 17.150(2) plainly requires that a judgment be renewed within six years from the date it was docketed in order to continue a lien.

## FACTS

Ingrid Sievert obtained title to the subject property on September 2, 1964. On September 23, 1983, she sold the property to Kenneth Swanson. In the meantime, Sievert apparently left Nevada. On June 15, 1984, Joy R. Evans obtained a judgment against Sievert, which was recorded on August 3, 1984. On August 12, 1987, Swanson deeded the property back to Sievert, and on January 14, 1988, Sievert transferred her interest in the property to her daughter.

Taylor and Britta Samuels (the Samuels), along with David and Kathleen Johnson (the Johnsons), purchased the property from Sievert's daughter on October 30, 1991. At the time of the purchase, a title company performed a title search using the most recent preliminary title report of the property, dated August 8, 1988. This report listed Evans' judgment. However, the title company concluded that the lien had expired since Evans failed to renew the judgment within the six-year period set forth in NRS 17.150(2). In 1997, the Johnsons transferred their interest in the property to the Samuels.

On April 10, 2000, Evans filed a request for issuance of renewed judgment, which was issued on May 11, 2000. After receiving notice that Evans intended to file a writ of execution against their property pursuant to the renewed judgment, the Samuels filed a complaint seeking quiet title and requesting a permanent injunction. Thereafter, the Samuels moved for summary judgment arguing, among other things, that the lien on the property expired when Evans failed to renew the judgment within the six-year period prescribed in NRS 17.150(2). The district court agreed, granting summary judgment and quieting title in favor of the Samuels.

## DISCUSSION

Evans argues that the district court erred in granting summary judgment and quieting title in favor of the Samuels because the lien was continued when Evans renewed the judgment in 2000. Evans contends that there is no requirement that a judgment be renewed within six years from the date it was docketed in order to prevent a lien from expiring.

■■■■■■    ■■■■■

■■■■■■

This court reviews a district court's order granting summary judgment de novo.[1] Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.[2] On appeal from summary judgment, "this court may 'be required to determine whether the law has been correctly perceived and applied by the district court.' "[3]

■■■■■■

In this instance, the parties do not argue the existence of genuine issues of material fact. Instead, they dispute whether, under NRS 17.150(2), a lien expires after six years if the judgment is not renewed.

NRS 17.150(2) states, in part, that a lien continues for six years after the date the judgment was docketed, and is continued each time the judgment is renewed. Although NRS 17.150(2) provides that a lien is continued when the judgment is renewed, the six-year period would be meaningless if, as Evans argues, a lien were continued upon the renewal of the judgment after the six-year period.[4] NRS 17.150(2) plainly provides that a lien will last for six years from the date the judgment was docketed, but will expire if the judgment is not renewed within the six-year period.[5] Because Evans failed to renew the judgment within the six-year period, the lien on the Samuels' property expired.[6]

## CONCLUSION

We conclude that under NRS 17.150(2), a lien expires after six years from the date the judgment was docketed if the judgment is not renewed within such time frame. Given this conclusion, we need not address Evans' remaining arguments on appeal. Accordingly, we affirm the district court's order granting summary judgment and quieting title in favor of the Samuels.

---

[1]*Tore, Ltd. v. Church,* 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

[2]*Butler v. Bogdanovich,* 101 Nev. 449, 451, 705 P.2d 662, 663 (1985).

[3]*Calloway v. City of Reno,* 116 Nev. 250, 256, 993 P.2d 1259, 1263 (2000) (quoting *Mullis v. Nevada National Bank,* 98 Nev. 510, 512, 654 P.2d 533, 535 (1982)).

[4]*See State v. Allen,* 119 Nev. 166, 170, 69 P.3d 232, 235 (2003) (observing that this court reviews a statute to determine its plain meaning, which is intended to reflect legislative intent).

[5]*See City Council of Reno v. Reno Newspapers,* 105 Nev. 886, 891, 784 P.2d 974, 977 (1989) ("When the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it.").

[6]We note that our disposition does not affect Evans' renewed judgment.