An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER BRIAN KINDER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62401

**FILED**

APR 2 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a conditional guilty plea, of two counts of possession of child pornography. Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

In 2009, the Federal Bureau of Investigation (FBI) determined that appellant Christopher Kinder used an internet file sharing program to obtain child pornography while living in California. Kinder moved to Nevada before the FBI was able to arrest him. On October 11, 2011, the FBI advised the Nye County Sheriff's Office (NCSO) of Kinder's possession of child pornography. NCSO then sought and obtained a warrant to search Kinder's residence.

In the warrant application, an NCSO detective summarized the FBI's information and stated five additional facts. First, that Kinder was convicted in 1999 of lewdness involving a minor. Second, that the detective had professional knowledge that child pornography collectors used the internet and computers to obtain child pornography. Third, that "[p]referential child sex offenders rarely dispose of their collection[s] of sexually explicit material . . . [because] [c]hild pornography is very valuable both emotionally . . . and financially on the 'black market.'" Fourth, that Kinder lived in California at the time that the FBI determined that he was obtaining child pornography. Fifth, that the

SUPREME COURT
OF
NEVADA

(O) 1947A

14-13427

detective verified Kinder's Nevada address on October 27, 2011, the day the detective executed the affidavit.

A warrant authorizing the search of Kinder's residence was issued on October 27, 2011. NCSO executed the warrant and seized computer equipment that contained child pornography. After the district court denied his motion to suppress the evidence obtained in the search, Kinder conditionally pleaded guilty to two counts of possession of child pornography. In his plea, Kinder reserved the right to appeal the district court's denial of his motion to suppress.

Kinder raises two issues on appeal: (1) whether the district court erred in holding that the information used to obtain the search warrant was not too stale to establish probable cause and (2) whether the district court erred by holding that the search of Kinder's home complied with the good faith exception even if the warrant was not supported by probable cause. As the parties are familiar with the facts, we do not recount them further except as necessary to our disposition.

*The information in the warrant application affidavit was not too stale and thus established probable cause*

Kinder argues that NCSO's search of his house was illegal because the warrant was based on stale information that did not establish probable cause.

With a motion to suppress, we "review[ ] findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013). "[We] will not overturn a magistrate's finding of probable cause for a search warrant unless the evidence in its entirety provides no substantial basis for the magistrate's finding." *Garrettson v. State*, 114 Nev. 1064, 1068-69, 967 P.2d 428, 431 (1998).

The Fourth Amendment of the United States Constitution provides, in relevant part, that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." Illegally obtained evidence is generally inadmissible in Nevada courts. *Wyatt v. State*, 77 Nev. 490, 501, 367 P.2d 104, 110 (1961) (citing *Mapp v. Ohio*, 367 U.S. 643, 655 (1961)).

Since a warrant must be supported by an oath or affirmation of particular facts, judicial review of the propriety of the warrant is limited "to the facts that were before the issuing magistrate—in other words, the affidavit." *United States v. Zimmerman*, 277 F.3d 426, 430 n.3 (3d Cir. 2002). Thus, probable cause for the search must be established by the evidence presented in the affidavit.

"[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). It requires that there must be "a fair probability, given the totality of the circumstances, that contraband or evidence . . . would be found at that location." *United States v. Lattner*, 385 F.3d 947, 953 (6th Cir. 2004) (internal quotations omitted). A district court determines if probable cause exists by considering the totality of the circumstances. *Gates*, 462 U.S. at 230-31. Furthermore, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Ventresca*, 380 U.S. 102, 109 (1965). Thus, the State must set forth information in its affidavit for a warrant that, in its totality, suggests that evidence of the illegal conduct will be discovered at the place to be searched.

*Information used to secure a warrant must not be stale*

The significant probable cause issue in this appeal is the freshness of the FBI's information. Evidence used to obtain a warrant "'must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968) (quoting *Sgro v. United States*, 287 U.S. 206, 210 (1932)). If the information set forth in the affidavit is not sufficiently close in time to the warrant application, then the "[i]nformation is stale and probable cause does not exist when it is no longer reasonable to presume that a search will turn up evidence of a crime." *Garrettson*, 114 Nev. at 1069, 967 P.2d at 431 (internal quotation omitted).

Though significant to the question of staleness, the passage of time is not controlling. *United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988). Instead of applying a bright-line rule, courts "evaluate staleness in light of the particular facts of the case and the nature of the criminal activity and property sought." *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997) (internal quotation omitted).

Staleness of information regarding child pornography possession is different from staleness of information about other crimes "because it is well known that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes." *United States v. Irving*, 452 F.3d 110, 125 (2d Cir. 2005) (internal quotation omitted); *see also Lacy*, 119 F.3d at 746 (paraphrasing and quoting, with approval, a law enforcement officer's professional opinion that "collectors and distributors of child pornography value their sexually explicit materials highly, 'rarely if ever' dispose of such material, and store it 'for long periods' in a secure place, typically in their homes"); *United*

*States v. Rabe*, 848 F.2d 994, 996 (9th Cir. 1988) (paraphrasing, with approval, an expert's conclusion that "[a] pedophile maintains a collection of child pornography gathered over many years and does not destroy or discard his materials"). However, courts do not "assume that collectors of child pornography keep their materials indefinitely." *Lacy*, 119 F.3d at 746.

If evidence of child pornography possession is not supported by other evidence, a law enforcement officer's professional opinion may extend its freshness. In *United States v. Paull*, the court held that 13-month-old evidence of a defendant's subscription to a child pornography website was not stale because "gaps in the evidence caused by the delay between the investigation and the search . . . were filled in by [the investigating agent's] experience [and] familiarity with consumers of child pornograph[y]." 551 F.3d 516, 523 (6th Cir. 2009). Similarly, the Wisconsin Court of Appeals held that an investigator's expert opinion about electronically stored child pornography prevented two-and-one-half-year-old evidence of a defendant's possession of child pornography from being stale. *State v. Gralinski*, 743 N.W.2d 448, 457-58 (Wis. Ct. App. 2007). Thus, information suggesting child pornography possession that is up to two-and-one-half years old can establish probable cause when supported by an investigator's expert opinion.

In addition, supporting facts presented in the affidavit may freshen otherwise stale evidence of a crime and allow that evidence to establish probable cause. *United States v. Thomas*, 605 F.3d 300, 310 (6th Cir. 2010) (holding that otherwise stale information can be refreshed by corroborating information). Relevant examples include prior related convictions, related suspicious conduct, and other evidence that

SUPREME COURT
OF
NEVADA

(O) 1947A

5

substantiates the stale information. *See Irving,* 452 F.3d at 115-16, 125; *United States v. Peden,* 891 F.2d 514, 518 (5th Cir. 1989).

In *Irving,* five-year-old evidence of the defendant's possession of child pornography was freshened by the defendant's prior conviction for attempted sexual abuse of a minor and evidence of his attempts to have sexual relations with children. 452 F.3d at 115-16. These additional facts freshened the five-year-old evidence of possession of child pornography and established probable cause that the defendant possessed child pornography when the warrant was issued. *Id.* at 125.

Similarly, in *Peden,* the defendant's prior conviction for solicitation of a minor for sexual contact and the investigator's expert opinion freshened two-year-old evidence of his possession of child pornography. 891 F.2d at 518. As a result, the court found that there was probable cause to support the warrant to search the defendant's home. *Id.* at 518-19; *see also People v. Russo,* 487 N.W.2d 698, 704, 707-11 (Mich. 1992) (holding that a six-and-one-half-year-old allegation of child pornography possession was not stale because it was supported by credible testimony alleging that the defendant committed sexual assault against a child). Thus, an investigator's expert opinion and a defendant's prior related conviction can freshen several-year-old evidence of child pornography possession and allow it to establish probable cause for a warrant.

*The FBI's information was not stale and established probable cause*

In the present case, the FBI's information was between 21 and 33 months old. Thus, it was nearly the same age as the evidence of child pornography possession in *Gralinski* and *Peden* and was significantly newer than the evidence of child pornography possession in *Irving* and *Russo.* Therefore, the FBI's information in this case was of an age that it

could be adequately refreshed by an investigator's expert opinion or a defendant's prior related conviction.

Here, both the investigator's opinion and Kinder's prior conviction refreshed the FBI's information about his child pornography possession. As in the warrant applications in *Gralinski* and *Peden*, NCSO included an investigator's expert opinion about child pornography users' tendencies to retain images for long periods of time. Just as the *Irving* and *Peden* defendants had prior related convictions, Kinder was previously convicted of lewdness involving a minor. Because there was adequate supporting evidence to refresh it, the FBI's information was not stale.

Despite the similarities between the present case and *Gralinski, Peden,* and *Irving,* Kinder urges us to rely on *United States v. Greathouse,* 297 F. Supp. 2d 1264 (D. Or. 2003), to conclude that the FBI's information was too stale to establish probable cause. In *Greathouse,* a federal district court stated that "[i]f a line must be drawn in internet child pornography cases, I find that the line is one year absent evidence of ongoing or continuous criminal activity." *Id.* at 1273. Unlike in *Greathouse,* where the investigators did not present evidence of any prior related criminal activity by the defendant, *see id.* at 1267, NCSO identified Kinder's prior conviction for lewdness involving a minor in the search warrant affidavit. Because the NCSO detective's affidavit included Kinder's prior conviction and the FBI's identification of Kinder as someone who used an internet file sharing program to acquire child pornography, it provided evidence that Kinder was engaged in repeated pedophilic criminal activity. Thus, *Greathouse's* bright line one-year rule for staleness is not applicable in the present case. Therefore, we conclude

that probable cause existed to support the search warrant of Kinder's home and the district court did not err by denying Kinder's motion to suppress.

*In addition, the good faith exception precludes suppression of the evidence seized at Kinder's residence*

Kinder argues that the good faith exception is inapplicable in this case because the warrant lacked probable cause and NCSO did not obtain sufficient new evidence to corroborate the FBI's information.

The United States Constitution does not require the exclusion of evidence obtained in violation of the Fourth Amendment. *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Instead, the exclusionary rule is a judicial remedy whose purpose is to deter violations of the Fourth Amendment. *United States v. Leon*, 468 U.S. 897, 906 (1984). Thus, "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918; *see State v. Allen*, 119 Nev. 166, 172, 69 P.3d 232, 236 (2003) (holding that "[e]xclusion is only appropriate where the remedial objectives of the exclusionary rule are served"). Thus, if there is a properly issued warrant, evidence obtained in a search pursuant to it will not be suppressed unless an exclusion to the good faith exception applies. *Leon*, 468 U.S. at 922-23.

The four exclusions to the good faith exception for a search based on an invalid warrant are: (1) when the issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," (2) when the issuing judge abandons the judicial duty of neutrality, (3) when the "affidavit [was] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and (4) when the

warrant is so facially deficient "that the executing officers cannot reasonably presume it to be valid." *Id.* at 923 (internal quotation omitted).

The only potentially applicable exclusion is when the "affidavit [was] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (internal quotations omitted). For the good faith exception to apply despite a lack of probable cause, the "affidavit must establish at least a colorable argument for probable cause." *United States v. Luong,* 470 F.3d 898, 903 (9th Cir. 2006). Thus, it must allow a reasonable police officer to believe that probable cause exists. *Leon,* 468 U.S. at 923. As explained above, the FBI's information, Kinder's prior conviction, and the investigator's expert opinion established probable cause. Therefore, NCSO reasonably relied on the warrant.

Even if it did not establish probable cause in this case, the evidence used to support the warrant was similar in age and nature to evidence which established probable cause in other cases. *See, e.g., Peden,* 891 F.2d at 518-19 (holding that two-year-old evidence was not stale and constituted probable cause); *Gralinski,* 743 N.W.2d at 457-58 (holding that two-and-one-half-year-old evidence was not stale and constituted probable cause). Therefore, NCSO's reliance on the resulting warrant was reasonable and in good faith. Furthermore, the FBI's information was not as old as less-supported evidence in other cases where courts found there to be good faith reliance on the issued warrants. *See, e.g., United States v. Prideaux-Wentz,* 543 F.3d 954, 956, 958-59 (7th Cir. 2008) (holding that though four-year-old information supported by an officer's expert affidavit was stale, the investigating officer reasonably relied upon the warrant). Thus, there was sufficient evidence for a reasonable officer to believe that the warrant was supported by probable cause.

However, Kinder argues that the good faith exception does not apply because NCSO failed to discover any new evidence to corroborate the substance of the FBI's information during the 16 days between when it received the FBI's information and when it sought the warrant. Thus, he concludes that the good faith exception does not apply because NCSO was not under time pressure when seeking the warrant and did not obtain freshening information. Though "the time pressure under which the [o]fficer was operating when he prepared the warrant application" is relevant to the issue of good faith, Kinder's argument is unpersuasive for three reasons. *United States v. Weber*, 923 F.2d 1338, 1346 (9th Cir. 1990). First, it does not undermine the fact that the affidavit set out enough information for a reasonable officer to believe that the warrant was supported by probable cause because the affidavit included the FBI's information, the verification that Kinder lived in California in 2009, Kinder's related criminal history, and the detective's expert opinion.

Second, Kinder's argument does not account for the fact that NCSO found additional information to corroborate the FBI's information before applying for the warrant. NCSO confirmed that Kinder actually lived in California at the time he was suspected of obtaining child pornography in California. NCSO discovered Kinder's prior conviction for lewdness with a minor and verified Kinder's Nevada address. Thus, NCSO obtained two additional pieces of information which corroborated the FBI's information and one piece of information to ensure that it searched the correct residence before it sought the search warrant. Third, Kinder's argument does not address the fact that because the internet allows child pornography collectors to more discreetly acquire and distribute pornography, it is a crime that is hard to detect. As a result,

the fact that NCSO did not obtain newer evidence of Kinder's child pornography possession does not undermine the credibility of the FBI's information or prevent the detective's affidavit from establishing probable cause. Therefore, even if the warrant was not supported by probable cause, there were sufficient indicia of probable cause to allow good faith reliance. Thus, the good faith exception precludes suppression.

*Conclusion*

Since Kinder's prior conviction and the investigator's expert opinion freshened the FBI's information, there was probable cause to support the search warrant of Kinder's home. Even if there was not probable cause, NCSO relied on the warrant in good faith. As a result, the district court correctly denied the motion to suppress. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Kimberly A. Wanker, District Judge
Gibson Law Group
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk