An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
WILLIAM BRIAN NEWCOMER,
Respondent.

No. 63441

FILED

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to suppress evidence. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Respondent William Brian Newcomer was involved in a motor vehicle accident in metropolitan Las Vegas. After failing field sobriety tests, Newcomer was arrested. The arresting police officer ordered Newcomer to undergo a warrantless blood test to check for intoxicating drugs pursuant to NRS 484C.160, *held unconstitutional in part by Byars v. State*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. ___, _____, 2014). A blood sample was drawn that day, and it revealed the presence of methamphetamine in Newcomer's blood. Newcomer was charged with one count of felony driving under the influence of a controlled substance.

Newcomer moved to suppress the blood test results and argued that the United States Supreme Court's decision in *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013), made NRS 484C.160's implied consent provision unconstitutional.

The district court granted Newcomer's motion to suppress because it found that NRS 484C.160's authorization of compelled blood draws violated the Fourth Amendment of the United States Constitution.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34367

It summarily rejected the State's argument that the good faith exception prevents the exclusion of the blood test results in this case.

The State now appeals and raises two issues: (1) whether the district court erred by finding that the State needed to obtain a search warrant before drawing blood from Newcomer and (2) whether the district court erred by not determining if the good faith exception precluded suppression of the results of the blood test.

*Standard of review*

"Suppression issues present mixed questions of law and fact." *Johnson v. State,* 118 Nev. 787, 794, 59 P.3d 450, 455 (2002), *overruled on other grounds by Nunnery v. State,* 127 Nev. ___, ___, 263 P.3d 235, 250-51 (2011). "[We] review[ ] findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman,* 129 Nev. ___, ___, 305 P.3d 912, 916 (2013). In addition, we review the constitutionality of a statute de novo. *State v. Hughes,* 127 Nev. ___, ___, 261 P.3d 1067, 1069 (2011).

*The district court did not err by finding that a warrant was required for the blood draw*

The State argues that a warrant was not required for the drawing of a blood sample from Newcomer because NRS 484C.160 established Newcomer's implied consent for the search. It does not argue that any other exception to the warrant requirement applies.

Newcomer argues that the warrantless blood draw was illegal because the *McNeely* decision made NRS 484C.160's implied consent provision unconstitutional and he did not otherwise consent to having his blood drawn.

A blood draw is a search that is governed by the Fourth Amendment to the United States Constitution's prohibition against

unreasonable searches and seizures. *Schmerber v. California*, 384 U.S. 757, 767 (1966). Thus, a warrant or a recognized exception to the warrant requirement is necessary to justify a blood draw. *McNeely*, 569 U.S. at ___, 133 S. Ct. at 1558. Because no warrant was issued for the drawing of Newcomer's blood, an exception to the warrant requirement must apply for this to be a lawful search. *See id.*

In *Byars*, we determined that NRS 484C.160's implied consent provision, which authorizes a law enforcement officer to compel a driver to submit to a blood draw in certain circumstances, violates the Fourth Amendment to the United States Constitution. 130 Nev. at ___, ___ P.3d at ___. Since NRS 484C.160 could not constitutionally authorize the warrantless blood draw, the district court correctly found that the warrantless blood draw violated the Fourth Amendment.

*The district court erred by failing to analyze whether the good faith exception applies*

The State argues that the good faith exception applies in this case because the police officer who ordered the blood draw complied with a then-valid Nevada statute and controlling appellate decisions when conducting the search. Newcomer argues that the good faith exception does not apply because *McNeely* merely clarified then-existing appellate caselaw.

The United States Constitution does not require the exclusion of evidence obtained in violation of the Fourth Amendment. *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Instead, the exclusionary rule is a judicial remedy whose purpose is to deter violations of the Fourth Amendment. *United States v. Leon*, 468 U.S. 897, 906 (1984); *see also State v. Allen*, 119 Nev. 166, 172, 69 P.3d 232, 236 (2003) ("Exclusion is only appropriate where the remedial objectives of the exclusionary rule are served.").

The good faith exception precludes the exclusion of evidence "when the police conduct a search in 'objectively reasonable reliance' on a warrant later held invalid." *Davis v. United States*, 564 U.S. ___, ___, 131 S. Ct. 2419, 2428 (2011) (quoting *Leon*, 468 U.S. at 922). The good faith exception also prevents the exclusion of evidence obtained in a warrantless search that was conducted in reasonable reliance on either "binding appellate precedent" or a then-valid statute. *Id.* at ___, 131 S. Ct. at 2429 (holding that reasonable reliance on controlling appellate caselaw constitutes good faith); *Illinois v. Krull*, 480 U.S. 340, 349-50 (1987) (holding that reasonable reliance on a statute constitutes good faith).

In the present case, the district court summarily concluded that it did not need to consider if the good faith exception applied because it found that the warrantless blood draw violated the Fourth Amendment of the United States Constitution. It did not address whether the blood draw complied with a then-valid statute or binding appellate precedent. Therefore, the district court erred by failing to analyze whether the blood draw met the good faith exception.

*Conclusion*

NRS 484C.160's implied consent provision violates the Fourth Amendment of the United States Constitution. Therefore, the district court properly concluded that the statute did not exempt the search from the Fourth Amendment's warrant requirement. However, the district court erred when it failed to address whether the good faith exception prevents the exclusion of the evidence obtained in this search. Therefore, we

ORDER the district court's order granting Newcomer's motion to suppress REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   Hon. James M. Bixler, District Judge
      Attorney General/Carson City
      Clark County District Attorney
      Kirk T. Kennedy
      Eighth District Court Clerk