# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN YARELL A/K/A MARVIN JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66649

**FILED**

MAR 0 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK


## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of possession of a controlled substance. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In 2014, Las Vegas Metropolitan Police Department officers conducted a traffic stop of a vehicle driven by appellant Marvin Yarell. The officers found methamphetamine and cocaine in Yarell's possession. Yarell was subsequently arrested and arraigned in district court, where he pleaded guilty to two counts of possession of a controlled substance. Approximately two weeks later, the State filed a notice of intent to seek punishment as a habitual criminal. The State sought to adjudicate Yarell as a habitual criminal based on his six prior felonies, which spanned from 1988 to 2008 in California and Nevada.

Yarell filed a motion to strike the notice, arguing that the notice was untimely because the State failed to file it before he entered his guilty plea. The district court denied the motion. Yarell then requested a continuance of his sentencing to determine whether he wanted to

16-06521

withdraw his plea. The court agreed, taking the sentencing off calendar and scheduling a status check. At the status check, Yarell confirmed that he did not wish to withdraw his plea and instead wanted to proceed with sentencing.

On appeal, Yarell argues that the State was precluded from filing its notice of intent to seek punishment as a habitual criminal because he already entered a plea of guilty. According to Yarell, NRS 207.016 required the State to file its notice not less than two days before he entered his guilty plea.

"Statutory interpretation is a question of law," and this court reviews the district court's interpretation of a statute de novo. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). "When a statute is plain and unambiguous, this court will give that language its ordinary meaning and not go beyond it." *State v. Allen*, 119 Nev. 166, 170, 69 P.3d 232, 235 (2003).

NRS 207.016(2) provides:

> If a count pursuant to NRS 207.010, 207.012 or 207.014 is included in an information charging the primary offense, each previous conviction must be alleged in the accusatory pleading, but no such conviction may be alluded to on trial of the primary offense, nor may any allegation of the conviction be read in the presence of a jury trying the offense or a grand jury considering an indictment for the offense. A count pursuant to NRS 207.010, 207.012 or 207.014 may be filed separately from the indictment or information charging the primary offense, but if it is so filed, the count pursuant to NRS 207.010, 207.012 or 207.014 must be filed not less than 2 days before the start of the trial on the primary offense, unless an agreement of the parties provides otherwise or the court for good cause shown makes an order

extending the time. For good cause shown, the prosecution may supplement or amend a count pursuant to NRS 207.010, 207.012 or 207.014 at any time before the sentence is imposed, but if such a supplement or amendment is filed, the sentence must not be imposed, or the hearing required by subsection 3 held, until 15 days after the separate filing.

This court has previously noted that NRS 207.016(2) allows "the habitual criminal to be added right before trial or at any time before [the] sentence is imposed, so long as there is sufficient time between [the] addition and sentence." *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 928 (2014).

Here, NRS 207.016(2) clearly provides that the notice "must be filed not less than 2 days before the start of the trial on the primary offense." The provision does not encompass cases where the defendant enters a guilty plea. Because this statute is plain and unambiguous, we give that language its ordinary meaning and do not resort to the rules of construction. We conclude that the district court did not err in its interpretation of NRS 207.016(2).[1]

---

[1]On appeal, Yarell also argues that the district court erred in sentencing him as a habitual criminal because his prior felony convictions were old, stale, and trivial. We conclude that the district court did not abuse its discretion in adjudicating Yarell as a habitual criminal. *See Martinez v. State*, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998) ("The sentencing judge is accorded wide discretion in imposing a sentence."); *Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or for the remoteness of convictions; instead, these are considerations within the discretion of the district court.").

 

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Elissa F. Cadish, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk