140 Nev., Advance Opinion 19

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DEVA ONE SMITH,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 86156 |

**FILED**

MAR 28 2024

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of possession of a visual presentation depicting sexual conduct of a person under sixteen years of age. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

*Reversed and remanded.*

Evelyn Grosenick, Public Defender, and Kathryn Reynolds, Chief Deputy Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Appellate Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE THE SUPREME COURT, HERNDON, LEE, and BELL, JJ.

24-11077

*OPINION*

By the Court, BELL, J.:

This appeal raises issues regarding the scope of a valid search warrant. Under Nevada law, an affidavit may be incorporated into a warrant to establish probable cause, but that affidavit cannot expand the scope of the search and seizure permitted under the warrant's specific language. Absent an exception, officers must search only the places authorized on the face of the warrant. Further, if exigent circumstances allow the warrantless seizure of a cell phone, police may not search the data on that cell phone unless a new warrant is obtained or exigent circumstances independently justify the search of the data.

Here, officers had a valid warrant for Appellant Deva One Smith's residence only; however, officers seized Smith's cell phone from his person while outside the residence. Under the circumstances, the imminent destruction of evidence exigency justified the seizure. Yet no other exigent circumstance allowed for the subsequent forensic search of the cell phone. Because officers failed to obtain a warrant to search the cell phone, the search of that device violated Smith's Fourth Amendment rights. Therefore, we conclude that the district court erred in denying Smith's motion to suppress the evidence found on the phone. As a result, we reverse the judgment of conviction.

*FACTS AND PROCEDURAL HISTORY*

Law enforcement first became aware that Deva Smith might possess child pornography during an investigation of another individual, Brandon Navarette. Law enforcement discovered Navarette was sharing images of child sex abuse with others through text messages. One number

 

Navarette messaged belonged to Smith. Based on subsequent investigation of Smith, officers sought a search warrant for Smith's electronic devices.

The detective seeking the warrant authored a declaration supporting probable cause. The declaration explained the investigation of Smith, including how officers had matched the number from the Navarrete investigation to Smith and what images the officers believed Smith possessed. The declaration submitted by the detective asserted law enforcement had probable cause to believe Smith possessed child pornography on a phone or computer in his possession, vehicle, or apartment.

The warrant signed by the justice of the peace incorporated the declaration of probable cause by reference. The warrant permitted officers to search Smith's apartment and seize any evidence of child pornography and electronic devices that could contain child pornography. The warrant also authorized the forensic search of any "of the above-mentioned devices" to determine if the devices contained child pornography. The warrant provided a detailed description of Smith's apartment. The warrant did not authorize a search of Smith's person or his vehicle.

When officers arrived at Smith's apartment building to execute the warrant, they encountered Smith outside the building. Officers informed Smith of the warrant, asked Smith to open the door to avoid damage from breaking it down, and told Smith he was not under arrest. Officers also seized Smith's cell phone from his person while Smith remained outside the apartment. The next day, a detective conducted a forensic search of the phone. The detective found text exchanges between Navarette and Smith, including child pornography. Officers did not seek a

warrant authorizing the forensic search prior to conducting the search of Smith's phone.

Before trial, Smith challenged the admissibility of the texts and pictures from his phone, arguing officers had obtained them in violation of his constitutional rights. The district court found the photos admissible, ruling that the incorporated statement of probable cause in the declaration expanded the scope of the search authorized by the warrant and, alternatively, that the officers reasonably believed in good faith that their actions were consistent with the warrant.

At trial, the texts and photos comprised the bulk of the State's case against Smith. The jury convicted Smith of two counts of possession of a visual presentation depicting sexual conduct of a person under sixteen years of age. Smith now appeals his conviction.

## DISCUSSION

Smith challenges the admissibility of the texts and photos recovered from his cell phone, arguing that the evidence was obtained in violation of his constitutional rights and must therefore be suppressed. Because we agree with Smith and reverse on the search and seizure issue, we need not reach the other issues Smith raises.

A motion to suppress presents mixed questions of law and fact. *State v. Beckman*, 129 Nev. 481, 485, 305 P.3d 912, 916 (2013). We review the district court's findings of fact for clear error, but we review application of the law de novo. *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008).

Both the United States and the Nevada Constitutions protect citizens from unreasonable searches and seizures. U.S. Const. amend. IV; Nev. Const. art. 1, § 18. A search is per se unreasonable unless performed pursuant to a valid warrant or subject to an exception to the warrant

requirement. *State v. Lloyd*, 129 Nev. 739, 743, 312 P.3d 467, 469 (2013). The government may not use evidence procured by an illegal search against a defendant, and courts accordingly may suppress illegally obtained evidence. *Segura v. United States*, 468 U.S. 796, 815 (1984).

In determining whether suppression is appropriate, we consider the State's three arguments as to why the evidence was properly obtained. First, the State asserts that the probable cause affidavit addressed a search of Smith's person, and the affidavit was incorporated into the warrant, so the incorporated affidavit expanded the warrant to cover the search and seizure of Smith's cell phone.[1] Second, the State contends that the officers were relying in good faith on the warrant when they seized the cell phone from Smith's person and then searched it. Third, the State argues that exigent circumstances justified the seizure and subsequent search of Smith's cell phone. We disagree with the State's arguments, except to conclude that exigent circumstances warranted the initial seizure of the phone, though not the subsequent forensic search.

*A probable cause affidavit cannot expand the scope of the warrant to authorize the seizure of Smith's cell phone found on his person outside his apartment*

To be valid, a warrant must contain a statement "particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; Nev. Const. art. 1, § 18 (substantially similar language). A valid search warrant may only be issued on a showing of probable cause. *State v. Allen*, 119 Nev. 166, 170, 69 P.3d 232, 234 (2003).

---

[1]We note that the detective in this case filed a declaration under penalty of perjury rather than an affidavit witnessed by a judge or notary. Such a declaration satisfies NRS 53.045 calling for an affidavit. We use the terms interchangeably here.

When a magistrate issues a warrant, Nevada law permits the statements in support of probable cause to be incorporated by reference. NRS 179.045(6)(b). The issue presented in this case is whether the incorporation of a probable cause affidavit may broaden what can be searched or seized beyond the four corners of the search warrant. We conclude it cannot.

The United States Court of Appeals for the Ninth Circuit has concluded that incorporation of a declaration or affidavit cannot broaden the scope of a search warrant. In *United States v. Sedaghaty*, 728 F.3d 885, 895 (9th Cir. 2013), federal agents obtained a warrant to search for and seize documents related to a single incident of tax fraud. Officers searched Sedaghaty's home and seized materials related to alleged terrorist activity in addition to tax documents. *Id.* The Ninth Circuit rejected the government's argument that an incorporated probable cause affidavit discussing Sedaghaty's alleged terrorist involvement expanded the scope of the warrant. *Id.* at 914-15. The court held that the warrant clearly contemplated only tax documents and officers should have sought another warrant for material related to terrorist activity. *Id.* Because seizure of the materials related to terrorism was beyond the scope of the warrant, officers violated the Fourth Amendment. *Id.* at 915. The court warned that allowing an affidavit to expand the scope of a warrant "would permit a kitchen sink probable cause affidavit to overrule the express scope limitations of the warrant itself." *Id.* at 913. In reaching such a conclusion, the Ninth Circuit aligned with other federal circuit courts that also disapproved of allowing probable cause affidavits to expand the scope of warrants. *See United States v. Kaye*, 432 F.2d 647, 649 (D.C. Cir. 1970); *Doe v. Groody*, 361 F.3d 232, 241 (3d Cir. 2004); *United States v. Angelos*, 433 F.3d 738, 746 (10th Cir. 2006).

The Ninth Circuit's reasoning is persuasive. The United States and Nevada Constitutions require that warrants state with particularity the place, person, and thing to be searched or seized. To allow a probable cause affidavit to effectively control the scope of a warrant would render the particularity requirements meaningless. We also cannot endorse an interpretation of the law that "would elevate the author of the incorporated probable cause affidavit over the judge issuing the warrant." *Sedaghaty*, 728 F.3d at 914. Thus, we conclude that an incorporated probable cause affidavit cannot broaden a warrant's narrower description of those places or persons to be searched or of the items to be seized, as doing so would violate the particularity requirements of both the United States and Nevada Constitutions.

In order to search Smith's person, officers needed to get a warrant authorizing a search of Smith's person, absent an applicable exception to the warrant requirement. The existing warrant, by its clear terms, only authorized the search and seizure of items inside Smith's apartment. The warrant cannot be broadened to include Smith's cell phone on his person because Smith was not inside the apartment—the particularly described place to be searched authorized by the magistrate. Thus, Smith's phone could not be seized pursuant to the existing warrant.

*Good faith reliance does not apply when officers improperly exceed the scope of the warrant*

Although Smith's phone was seized outside the scope of the warrant, suppression is not automatic. Evidence obtained from a deficient warrant is generally not subject to suppression "where the officer executing the warrant has an objective good-faith belief that the warrant is valid." *State v. Kincade*, 129 Nev. 953, 957, 317 P.3d 206, 209 (2013). This means courts will generally not suppress evidence when officers reasonably and in

Supreme Court
of
Nevada

(O) 1947A

7

good faith believed that their warrant was valid, even if a reviewing court later determines that it was invalid.

Even if relying on a warrant, an officer must still "have a reasonable knowledge of what the law prohibits" when acting in their official capacity. *Allen*, 119 Nev. at 172, 69 P.3d at 236 (quoting *United States v. Leon*, 468 U.S. 897, 919 n.20 (1984)). This includes knowing that the warrants must particularly describe "the place or places to be searched, and the person or persons, and thing or things to be seized." Nev. Const. art. 1, § 18; *see also* U.S. Const. amend. IV. An officer cannot, therefore, rely in good faith upon a valid warrant to save its invalid execution. *See United States v. Rowland*, 145 F.3d 1194, 1208 n.10 (10th Cir. 1998) ("The *Leon* good-faith exception will not save an improperly executed warrant.").

In this case, the warrant was valid; Smith does not contest its validity. Nevertheless, a reasonable officer would have looked at the warrant and understood that the scope of the search was limited to Smith's apartment. The officers improperly executed the warrant by seizing Smith's phone from his person outside his apartment, when Smith's person was not authorized by the warrant as a place the officers could search. The good faith exception does not apply to this improper execution of a valid warrant. *See id.* The officers cannot claim a good faith belief that the warrant covered Smith's person because they are required "to have a reasonable knowledge of what the law prohibits" when acting in their official capacity. *Allen*, 119 Nev. at 172, 69 P.3d at 236 (quoting *Leon*, 468 U.S. at 919 n.20). Thus, they should have known that they could not take Smith's phone from his person under the warrant as written because Smith's person was not a place to be searched. The good faith exception cannot apply to this case, where officers improperly executed a valid

warrant by seizing an item from a person not particularly described in a valid warrant.

*The imminent destruction of evidence exigency justifies the seizure of the cell phone from Smith, but the forensic search is unjustified*

Finally, since neither the warrant nor a good faith reliance on the warrant covers the seizure of Smith's phone, we next address whether officers operated under another valid exception to the warrant requirement. *See Lloyd*, 129 Nev. at 743, 312 P.3d at 469 (a search is reasonable if performed subject to a valid exception to the warrant requirement). Warrants are not required under exigent circumstances; "[t]he exigent circumstances exception to the warrant requirement applies where the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *Byars v. State*, 130 Nev. 848, 854, 336 P.3d 939, 943 (2014) (internal quotation marks omitted). One exigent circumstance courts have long recognized occurs in situations where a suspect may imminently tamper with or destroy evidence if that evidence is not immediately seized. *Howe v. State*, 112 Nev. 458, 466-67, 916 P.2d 153, 159-60 (1996); *see also Cupp v. Murphy*, 412 U.S. 291, 296 (1973).

The United States Supreme Court has recognized that an officer may secure a cell phone without a warrant to prevent the destruction of evidence contained on that device. *Riley v. California*, 573 U.S. 373, 388 (2014) (recognizing the "sensible concession" that officers could seize defendants' cell phones to prevent the destruction of evidence while seeking a warrant). The Court emphasized that the exception applied only to the physical seizure of the cell phone; the digital search of the phone's contents must be authorized by a warrant or justified under a new warrant exception. *See id.* at 390 (stating that generalized concerns about a "remote-

wipe" did not justify the search of a cell phone's contents). If officers seize a cell phone subject to an exigency, officers must obtain a warrant to search its contents absent some separate exigency. *Id.* at 403 (stating that "what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant").

Here, officers were justified in seizing Smith's phone, even without a warrant, under the imminent destruction of evidence exigency. When Smith encountered officers executing the search warrant on his apartment, he was alerted to their investigation. At that point, Smith could have deleted or destroyed crucial evidence had he retained physical possession of the phone. Thus, we conclude that the seizure of Smith's phone was proper due to exigent circumstances.

The forensic search of Smith's phone the next day, however, was not justified by exigent circumstances. The warrant that officers possessed did not cover the forensic search because that warrant authorized the forensic search only of the devices seized from Smith's apartment, and this device was not seized from Smith's apartment. The officers did not seek a separate warrant authorizing their forensic search of Smith's cell phone, and no exigency existed justifying the search a day after the phone was seized. *See id.* at 402 (contemplating particular exigencies that would justify the warrantless search of a cell phone's contents, including "to pursue a fleeing suspect, and to assist persons who are seriously injured or are threatened with imminent injury"). The two-step justification required in *Riley*, one exigency for the seizure and another warrant or exigency for the search, was not met here because officers had no warrant or justification for the forensic search. Thus, exigent circumstances cannot justify the admission of the evidence obtained from Smith's cell phone.

*Suppression is appropriate in this case because the search of Smith's cell phone violated his constitutional rights*

Without a valid warrant or some exception to the warrant requirement, a search is per se unreasonable. *Lloyd*, 129 Nev. at 743, 312 P.3d at 469. The government may not benefit from evidence obtained through violation of an individual's right to be safe from unreasonable searches and seizures. *Beckman*, 129 Nev. at 491, 305 P.3d at 919 (citing *Florida v. Jardines*, 569 U.S. 1, 11-12 (2013)). Suppression is justified when "the challenged evidence is in some sense the product of illegal governmental activity." *Segura*, 468 U.S. at 815 (quoting *United States v. Crews*, 445 U.S. 463, 471 (1980)).

Officers had to obtain the evidence legally to use it against Smith. The incorporated affidavit of probable cause cannot expand the scope of the warrant itself. *See Sedaghaty*, 728 F.3d at 913-14. Further, officers could not have relied in good faith on the valid warrant they held when improperly executing that warrant. *See Rowland*, 145 F.3d at 1208 n.10. Finally, no exigent circumstances justified the forensic search of Smith's cell phone after officers seized it. *See Riley*, 573 U.S. at 402. The government's activity was a per se unreasonable search and illegal. The government then used that illegally obtained evidence against Smith to secure his conviction. Suppression of the evidence from the cell phone is required to ensure that the government does not benefit from the evidence it obtained illegally.

## CONCLUSION

The district court erred when it denied Smith's motion to suppress the evidence obtained from his cell phone. The warrant itself did not cover the search of Smith's person, officers could not have searched Smith's person in good faith reliance on the warrant, and exigent

circumstances did not justify the forensic search of the cell phone, though exigency likely did support the seizure of the phone from Smith. With no warrant or justification for the search of Smith's cell phone, the officers violated Smith's constitutional rights when they obtained material from his cell phone and that evidence was used to secure his conviction. Thus, we conclude that suppression of the evidence obtained from Smith's phone is necessary, and the district court erred in failing to suppress the photos and messages from the cell phone. We therefore reverse the judgment of conviction and remand for further proceedings consistent with this opinion.

_____, J.
Bell

We concur:

_____, J.
Herndon

_____, J.
Lee